JONES, JUDGE:
On October 6, 1973, in the daytime, the claimant, Clarke W. Greene, was driving his 1969 Chevrolet pick-up truck on MacCorkle *134 Avenue in South Charleston. He was traveling east on the 4-lane State highway as he reached a point where Jefferson Road joins the highway from the south, and an extra traffic lane is provided for those desiring to turn south on Jefferson Road. The Owens Motel and parking lot is located on the north side of MacCorkle Avenue, with a driveway into the parking lot approximately 30 feet wide, about 10 feet of which lies west of an extension of the western line of Jefferson Road. Traffic at the junction is controlled by traffic lights, and as the claimant pulled into the right-turn lane, east and west-bound traffic on MacCorkle Avenue was stopped by red signal lights, with a green arrow indicating “go” for the right-turn lane. A van-type truck was stopped in the east-bound lane nearest the claimant, waiting for the red light to change, and unknown to the claimant, a green light was signaling “go” from the motel parking lot. As the claimant had about half turned the Jefferson Road corner, his car and a car driven by M. W. Kirk, of Hopewell, Virginia, collided, causing damage to the front end of both vehicles. The view of both drivers was obstructed by the van-type truck heading east, as it appears that the Kirk car was crossing MacCorkle Avenue on a slanting course from a part of the motel driveway west of the front end of the truck. Neither driver saw the other in time to avoid the accident. The claimant contends that the respondent was negligent in permitting and maintaining traffic control devices so timed as to allow vehicles both with green lights in their favor to proceed to collision.
An engineer employed by the respondent and with special knowledge of traffic control devices, testified that the lights were properly installed and maintained under regulations laid down by the United States Department of Commerce and adopted by the State Road Commissioner, and that they were functioning properly at the time of the accident.
The traffic-control signal legend applicable to the drivers of vehicles is promulgated in West Virginia Code 17C-3-5. Subsections thereof read as follows:
“(d) Red and green arrow:
(1) Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such *135 arrow but shall yield the right-of-way to pedestrians lawfully within a crosswalk and to other traffic lawfully using the intersection.
(2) * * *
(e) In the event an official traffic-control signal is erected and maintained at a place other than an intersection, the provisions of this section shall be applicable except as to those provisions which by their nature can have no application. * *
In Bolling v. Clay, 150 W.Va. 249, 144 S.E.2d 682, a case involving a collision at the intersection of Sixteenth Street and Fifth Avenue in the City of Huntington, with a factual situation very similar to this case, except that the Huntington streets make a true intersection by crossing each other, the Court termed the collision “an unavoidable accident”. Syllabus 3 of that case is as follows:
“There can be no recovery of damages for personal injuries or property damage resulting from a collision of two motor vehicles upon a public highway if it appears that both drivers of such vehicles, in the circumstances leading to the collision, exercised the care which a reasonably prudent person would have exercised in the same or a like situation and that neither driver, therefore, was guilty of negligence which proximately caused, or which concurred proximately with the negligence of the other to cause, the collision.”
In view of the Court’s decision in the Bolling v. Clay case and the similarity of facts and circumstances involved, this Court perceives that the collision in this case was an unavoidable accident insofar as the two drivers are concerned, wherein neither party could recover against the other. As to the respondent’s responsibility for this accident, we are inclined not to strictly apply Code 17C-3-5. This is not a true intersection, but, mistakenly, we believe, was regulated as such by the respondent. The American College Dictionary defines an intersection as a “place of intersecting”, and intersect as meaning “to cut or divide by passing through or lying across: one road intersects another.” Aside from the general observation of the respondent’s engineer, the correctness of the installation was not further verified or explained. Assuming the installation was in accordance with Federal and State specifications, the fact remains that the attempt to control *136 traffic as if this were an ordinary intersection did create a dangerous condition which was not likely to be foreseen or recognized by the traveling public. We recognize the difficulty in the attainment of a foolproof traffic control system under the circumstances, but we feel that the respondent must accept responsibility for the plaintiff’s damages in this case.
The amount of the claimant’s damages was not questioned by the respondent, and the Court finds that the amount claimed is fair and reasonable. Accordingly, an award hereby is made to the claimant, Clarke W. Greene, in the amount of $183.95.
Award of $183.95.